■ In the Matter of RANDALL SWEET et al., Petitioners, v OWEN T. SMITH et al., Constituting the Nassau County Planning Commission, et al., Respondents.—Proceeding pursuant to CPLR article 78 to review a determination of the respondent Nassau County Planning Commission, dated March 23, 1978, which, after a hearing, conditionally granted a third party's application for final approval of a certain subdivision plat (the plat does not include a right of way to provide access for an adjoining interior parcel of property which is not part of the subdivision and on which the petitioners hold a mortgage which has been foreclosed). Determination confirmed and proceeding dismissed on the merits, without costs or disbursements. Some years ago, the petitioners sold an interior lot (hereinafter referred to as Lot

No. 758) at the rear of their property to the owner of an adjoining parcel; the purchase-money mortgage held by the petitioners has been foreclosed. At the time of the sale, Lot No. 758 had access to a public road along its *westerly* boundary through the petitioner's property. After the sale, Lot No. 758 continued to have access to the same public road through the common boundary with the purchaser's property on the *northerly* side of Lot No. 758. The owner of the adjoining property on the *southerly* side of Lot No. 758 initially sought approval of a subdivision plat which included a right of way over the propsoed subdivision to provide access for lot No. 758. At the suggestion of the respondent commission, the map was amended to eliminate the right of way because Lot No. 758 was not included in the proposed subdivision and was not landlocked under its present ownership. As so amended, the commission conditionally approved the subdivision plat. The petitioners seek to annul this determination, complaining that Lot No. 758 will be of little value to prospective purchasers without a right of way over the subdivision plat. Assuming, *arguendo,* that the petitioners have standing to bring this proceeding and that the determination is subject to review as a final determination, on this record the determination was not arbitrary or capricious and is supported by substantial evidence. Titone, J. P., Shapiro, Margett and Martuscello, JJ., concur.